# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHUNTAYE CHARLES CRENSHAW,

    Plaintiff,

v.                                        Case No. 19-CV-44

SGT REYES, SGT SEGERSTROM,
and OFFICER DOES 1-5,

    Defendants.

# ORDER

Shuntaye Charles Crenshaw, a *pro se* inmate at Green Bay Correctional Institution (GBCI), filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by failing to timely allow him to place a Prison Rape Elimination Act (PREA) call against his cellmate for walking around their shared cell in his briefs and sleeping in nude, which caused Crenshaw to later suffer post-traumatic stress disorder (PTSD). This matter is before the court on Crenshaw's motion to proceed without prepayment of the civil case filing fee (ECF No. 2) and for screening of his complaint (ECF No. 1).

The court has jurisdiction to resolve Crenshaw's motion to proceed without prepayment of the filing fee and to screen the complaint in light of Crenshaw's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice

and this court.

**1.     Motion to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 17, 2019, the court ordered Crenshaw to pay an initial partial filing fee of $2.41. (ECF No. 6.) Crenshaw paid the fee on February 7, 2019. As such, the court will grant his motion. Crenshaw will be required to pay the remainder of the $350 filing fee over time in the manner described at the end of this Order.

**2.     Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1  *Allegations in the Complaint*

Crenshaw alleges that on November 15, 2017, while being housed at GBCI, he was placed in a two-man cell with Tony Chaney. He says on that same day, he observed Chaney walking around in his briefs and then sleeping in the nude. Crenshaw states that he was disturbed by these actions. So, on November 16, 2017, he asked a prison official at the north secure work station if he could make a PREA call. He was told to talk with Sergeant Reyes.

Crenshaw did and asked Sergeant Reyes if he could place a PREA call. Sergeant Reyes told Crenshaw to "lock in, and he would get [Crenshaw] the PREA

call." (ECF No. 1 at 4.) However, Sergeant Reyes never returned and thus Crenshaw did not make the call.

On November 17, 2017, Crenshaw states he spoke with Sergeant Reyes again about the PREA call. Sergeant Reyes said he would bring Crenshaw the phone, but he never did.

After continuing to be subjected to Chaney's walking around in his briefs and sleeping naked, Crenshaw informed officer John Doe 1 on November 18, 2017, of his request for a PREA call. The officer responded that he would not move Crenshaw and that he would not get a PREA call.

On that same day, Crenshaw states he spoke to another officer about his making a PREA call. The officer told Crenshaw that he would not be making a PREA call.

Later that same day, Crenshaw was provided the phone to make his PREA call. He, however, had to make it in front of Chaney.

Early the next morning at 3:30 a.m., Crenshaw says he was awakened by Chaney flushing the toilet. Chaney was in his underwear at the time. Chaney then touched Crenshaw's feet. When Crenshaw confronted him about it, Chaney stated he was attempting to turn on the television.

On November 20, 2017, Crenshaw spoke with the PREA coordinator. Crenshaw says the coordinator said, "she would make contacts." (*Id*. at 6.)

On November 29, 2017, Crenshaw spoke with Sergeant Segerstrom, the contact for Crenshaw's PREA call. Segerstrom found that there was no PREA claim.

4

On June 4, 2018, Crenshaw says he met with a Dr. Samantha Schwartz-Oscar about his "ongoing serious mental health issues following being in the cell with [] Chaney." (*Id.*) Crenshaw was diagnosed with post-traumatic stress disorder. Crenshaw seeks punitive damages.

2.2  *Analysis*

To the extent Crenshaw is claiming the officers violated any rights he may have under the PREA, that claim fails as a matter of law. The PREA does not create a private right of action. *See Rivera v. Drake*, No. 09-CV-1182, 2010 WL 1172602, *3 (E.D. Wis. Mar. 23, 2010) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002)). And "there is no basis for a private suit, whether under § 1983 or under an implied right of action" where neither the text nor the structure of a statute indicates that Congress intended to create new individual rights, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Meaning, Crenshaw cannot bring an action in court for an alleged violation of the PREA.

To the extent Crenshaw is claiming that the defendants failed to protect him in violation of his Eighth Amendment rights, this claim also fails. The Eighth Amendment guarantees that prison officials "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984). To state an Eighth Amendment failure to prevent harm claim, a prisoner must allege that (1) he faced a "substantial risk of serious harm" and (2) the prison officials identified acted with "deliberate

5

indifference" to that risk. *Farmer*, 511 U.S. at 834; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).

Regarding the first prong, "a substantial risk of serious harm is one in which the risk is 'so great' that it is 'almost certain to materialize if nothing is done.' '[T]he conditions presenting the risk must be 'sure or very likely to cause ... needless suffering,' and give rise to 'sufficiently imminent dangers.'" *See Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citations omitted). Crenshaw merely alleges that he was disturbed by his cellmate walking around their shared cell in his briefs and sleeping in the nude. The only actual contact alleged between Crenshaw and Chaney was Chaney's purported touching of Crenshaw's feet one night. And Crenshaw notes that Chaney said it was an accident. This is certainly not the type of interaction the Eighth Amendment guards against. Indeed, "the Constitution does not mandate that prisons be comfortable;" it insures that they are humane. *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) (quoting *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987)). It may be rude for a person to walk around his "home" in his briefs and sleeping in his bed in the nude even though he has a roommate, but it is not inhumane. Therefore, Crenshaw has failed to allege that he was at risk of any serious harm at that time.

Further, even if Crenshaw's latent onset of PTSD is a serious medical condition, nothing in his complaint reveals that any of the named defendants—or any other prison official—were aware of facts from which they could infer that Crenshaw

faced a substantial risk of suffering the condition and that they consciously disregarded that risk.

Crenshaw has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Resultantly, the court will dismiss this case.

**IT IS THEREFORE ORDERED** that Crenshaw's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Crenshaw shall collect from his institution trust account the $347.59 balance of the filing fee by collecting monthly payments from Crenshaw's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Crenshaw is transferred to another county, state, or federal institution the transferring institution

shall forward a copy of this Order along with Crenshaw's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Crenshaw is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no

more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2019.

**BY THE COURT:**

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge